IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Civil Action No. _____ 2001

JEFFREY ZIMMERMAN,
Petitioner

v.   **1:CV01-0838**

COURT OF COMMON PLEAS
OF LEBANON COUNTY, PENNSYLVANIA,
Respondent

PETITION FOR WRIT OF HABEAS CORPUS
Pursuant to Title 42 U.S.C. Section 2241 et seq.

COMES NOW, Jeffrey Zimmerman, the Pro Se Petitioner of the above-captioned matter, and respectfully represents the folowing:

1. This is a petition for writ of habaes corpus, seeking redress from a decision rendered in a pre-trial matter before the respondent-court where, said decision was contrary to, and an unreasonable application of both state and federal constitutional law.

2. Petitioner is in jeopardy of an unfair and partial trial if the respondent-court is permitted to operate conducting a trial where, petitioner's 4th and 14th Amendment Rights are in violation.

3. Petitioner has exhausted all available state court remedies in an attempt to seek protecting from the unfair operation of conducting trial, without due process of law.

4. On March 28th 2001, the Supreme Court of Pennsylvania issued a final order denying petitioner's Pro Se Petition for Extraordinary Relief, and this action ensues.

5. This Court's jurisdiction over the below factual allegations is conferred pursuant to Title 42 U.S.C. Section 2241 et seq.

1

6. On August 25, 2000 the Respondent issued an order on Petitioner's Omnibus Pre-Trial Motion, whereby the Motion to Suppress Evidence was granted. See, <u>Commonwealth v. Jeffrey Zimmerman</u>, Lebanon County, Criminal No. 1999-10377.

7. However, on October 11, 2000, after the Commonwealth's attorney filed a motion for reconsideration, respondent granted that motion and, denied petitioner's motion to suppress evidence. In its order/opinion of October 11, 2000, respondent cited <u>Commonwealth v. Strickland</u>, infra, as support for that order.

8. Petitioner took a <u>pro</u> <u>se</u> Petition for leave to File An Interlocutory Appeal, Nunc Pro Tunc in the Superior Court however, on December 18, 2000 the Superior Court denied that petition. See, <u>Commonwealth v. Zimmerman</u>, No. 101 MDM 2000.

9. Petitioner thereafter sought relief in the Supreme Court of Pennsylvania via Application for Original Process and, extraordinary relief in the form of a writ of prohibition/supercedent pursuant to Pa. R.A.P. 3307, 3309 and, Title 42 Pa. C.S.A. Section 721. The Supreme Court denied relief on March 28, 2001 per Order, and, based on the cause of action set forth by petitioner in his pleading to that court, the Supreme Court of Pennsylvania abused its discretion by not granting petitioner relief, and, the order denying petitioner redress deprived petitioner of his right to redress grievances under the 1st and 14th Amendment of the United States Constitution.

10. Moreover, this court should grant relief because the trial court's determination of petitioner's 4th Amendment claim was contrary, and an unreasonable application of federal law and state law reciting federal law because:

(a) the trial court's reliance on <u>Commonwealth v. Strickland</u>, 757 A.2d 884 (Pa. 2000) is misplaced, and the court misinterpreted that case, based on the fact that <u>Strickland</u>, in fact supports the original order granting petitioner's motion to suppress evidence according to the Pennsylvania Supreme Court, and the United States Supreme Court's interpretation of the same kind of 4th Amendment cause of action permeating the case <u>sub judice</u>.

(b) the Order of August 25, 2000 granting petitioner's motion to suppress has not been properly vacated as required by law and,

(c) the Commonwealth's motion for reconsideration should not have been granted because, the factual allegations presented at the suppression hearing were not disproven and, in accordance with <u>Strickland</u>, petitioner's 4th Amendment Right was in fact violated during an ujnlawful police search and seizure.

**WHEREFORE**, for the foregoing reasons, this court should issue a provisional writ, staying all proceedings in the state trial court and, order the record transmitted to this court for proceedings in accordance with 28 U.S.C. Section 2241 <u>et seq</u>.

Dated: April 26th 2001

Respectfully Submitted,

*Jeffrey Zimmerman*
Jeffrey Zimmerman, BZ-0147
SCI-Dallas, 1000 Follies Road
Dallas, Pennsylvania  18612