*see att*

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JEFFREY ZIMMERMAN,                    :
                                      :
            Petitioner                :    CIVIL NO. 1:CV-01-0838
                                      :
      v.                              :    (Judge Caldwell)
                                      :
COURT OF COMMON PLEAS OF              :
LEBANON COUNTY,                       :
                                      :
            Respondent                :

FILED
HARRISBURG, PA

JUN 2 1 2001

MARY E. D'ANDREA, CLERK
PER_____
        DEPUTY CLERK

### O R D E R

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Pro se petitioner, Jeffrey Zimmerman, filed a writ of habeas corpus pursuant to 28 U.S.C. §2241[1] "seeking redress from a decision rendered in a pre-trial matter before the respondent-court". (Doc. 1, ¶1). Zimmerman has paid the filing fee in this matter. Zimmerman wishes the Court to revisit a pre-trial evidentiary ruling on a motion to suppress evidence as well as stay his state trial criminal proceedings. (doc. 1, ¶10). The Lebanon County Court of Common Pleas is the sole respondent in this action.

For the reasons outlined below, the Court will dismiss this action without prejudice because at present it would be improper to decide any of the instant claims. See Rule 4 of the Rules Governing Section 2254 Cases in the United States District

---

[1]. Section 2241 ("Power to grant writ") provides in pertinent part: "(c) The writ of habeas corpus shall not extend to a prisoner unless-- . . . (2) He is in custody in violation of the Constitution or laws or treaties of the United States . . . ."

Certified from the record
Date  6-21-01
Mary E. D'Andrea, Clerk
Per George J. _____

Courts (applicable to § 2241 petitions under Rule 1(b)).[2]

Discussion

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

The United States Supreme Court has stated "time and time again that the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." Younger v. Harris, 401 U.S. 37, 45 (1971). Indeed, in no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in

---

[2] Because the petition will be dismissed on the ground that § 2241 is not an available remedial device, there is no need to provide the notice specified in United States v. Miller, 197 F.3d 644 (3d Cir. 1999), before disposing of the petition. Zimmerman will not lose any opportunity he may have to file a § 2255 motion as a result of this action, although, as discussed below, he may already be otherwise procedurally barred from pursuing such an action.

-2-

the case of pending criminal proceedings.  Absent extraordinary circumstances a federal court should not disrupt ongoing state criminal proceedings.  In re Grand Jury Proceedings,, 654 F.2d 268, 279 (3d Cir.), cert. denied 454 U.S. 1098 (1981); Coruzzi v. State of N.J., 705 F.2d 688, 690 (3d Cir. 1983).

When faced with a Younger abstention question, the district court must inquire: 1) whether there is an ongoing state proceeding; 2) whether that proceeding implicates important state interests; and finally 3) whether the state forum offers the petitioner an adequate opportunity to raise this constitutional claims.  Middlesex County Ethics Committee v. Gargden State Bar Assn., 457 U.S. 423, 432 (1982); Coruzzi, 705 F.2d at 690.

Unquestionably there are ongoing criminal state proceedings which implicate important state interests that would be disrupted if this Court adjudicated any of the claims presented by Zimmerman.  Furthermore, there is nothing in the petition to suggest that the pending state proceedings do not offer an adequate forum for the petitioner to raise his constitutional claims. Zimmerman can certainly appeal the lower court judgments, and may raise his constitutional claims in appellate court proceedings.

Based upon <u>Younger</u>, <u>supra</u>, the Court is of the view that Zimmerman's claims against the named respondent cannot be entertained at this time.  <u>See</u> <u>Younger</u>, <u>supra</u>.  This suit will be dismissed without prejudice.  An appropriate order follows.

Accordingly, this _21st_ day of June, 2001, it is ordered that:

1. The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (doc. 1) is dismissed without prejudice.

2. The Clerk of Court is directed to close this case.

William W. Caldwell

WILLIAM W. CALDWELL
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

June 21, 2001

Re:  1:01-cv-00838    Zimmerman v. Court of Common Plea

True and correct copies of the attached were mailed by the clerk
to the following:

        Jeffrey Zimmerman
        SCI-D
        SCI Dallas
        BZ-0147
        1000 Follies
        Dallas,, PA  18612-9515

cc:
Judge                        (   )              ( ) Pro Se Law Clerk
Magistrate Judge             (   )              ( ) INS
U.S. Marshal                 (   )              ( ) Jury Clerk
Probation                    (   )
U.S. Attorney                (   )
Atty. for Deft.              (   )
Defendant                    (   )
Warden                       (   )
Bureau of Prisons            (   )
Ct Reporter                  (   )
Ctroom Deputy                (   )
Orig-Security                (   )
Federal Public Defender      (   )
Summons Issued               (   ) with N/C attached to complt. and served by:
                                  U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5          (   )
Order to Show Cause          (   ) with Petition attached & mailed certified mail
                                  to:  US Atty Gen   ( )   PA Atty Gen ( )
                                       DA of County  ( )   Respondents ( )
Bankruptcy Court             (   )
Other_____      (   )

                                       MARY E. D'ANDREA, Clerk

DATE: _____6/21/01_____        BY: _____
                                          Deputy Clerk